IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jerry Jerome Barrineau III, ) | C/A No. 6:05-646 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before this Court on the petition of Jerry Jerome Barrineau III, who has filed a *pro se* motion pursuant to 28 U.S.C. § 2255. Petitioner filed a motion for summary judgment on April 23, 2005. The Respondent filed a response and motion for summary judgment on August 12, 2005. Petitioner was sent an Order by this Court pursuant to *Roseboro v. Garrison,* 528 F2d 309 (4th Cir. 1975) on August 18, 2005, notifying him of the summary judgment procedure. Petitioner then filed his response in opposition to the Respondent's motion on October 14, 2005. For the reasons set forth below, the Respondent's summary judgment motion is granted.

Petitioner was charged in a three count Indictment filed on September 10, 2003. Count one charged him on or about August 5, 2003 with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count two charged him on or about August 5, 2003 with knowingly using a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Count three charged him on or about August 5, 2005 with possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1).

On October 31, 2003, Petitioner, represented by defense counsel, pled

1

guilty to the Indictment before this Court. On February 24, 2004, Petitioner was sentenced to 90 months imprisonment and 5 years of supervised release. Judgment was entered on the district court docket on February 25, 2004. Petitioner did not file a direct appeal. His Section 2255 Motion was filed on February 28, 2005.

Petitioner's alleged ground for relief in his Section 2255 Motion is ineffective assistance of counsel. Petitioner claims that his attorney provided ineffective assistance of counsel because he :

(1) Failed to raise an objection to the indictment's lack of drug type and quantity;

(2) Failed to object to the currency being converted (enhancing) into drug quantity for sentencing purposes;

(3) Advised Petitioner to execute the plea agreement without Petitioner having full knowledge of the elements of the charges to which he was pleading guilty;

(4) Failed to object or move to dismiss Count 1 of the indictment where the Petitioner was charged with the possession of a firearm in furtherance of a drug trafficking crime.

## STANDARD OF REVIEW

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Summary judgment is appropriate if "there is no genuine issue as to any material fact . . . and the moving party is entitled to a judgment as a matter of

law." FED. R. CIV. P. 56(c); *see Bailey v. Blue Cross & Blue Shield*, 67 F.3d 53, 56 (4th Cir. 1995). A court must view all evidence "in the light most favorable to the nonmoving party." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 756 (4th Cir. 1996). This standard includes resolving all doubts and drawing all inferences in that party's favor. However, the Court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

I. Petitioner's claims are denied because of procedural default

    Petitioner failed to assert his claims on direct appeal. An argument not raised on direct appeal is waived. *United States v. Frady*, 456 U.S. 152, 162-66 (1982); *United States v. Harris*, 183 F.3d 313, 315 (4th Cir.1999) (stating that an error can be attacked on collateral review only if first challenged on direct appeal); *Grant v. United States*, 72 F.2d 503, 505-506 (6th Cir.1996) (refusing to address sentencing "relevant conduct" issues in a Section 2255 petition because claims were not raised on direct appeal). Petitioner did not raise the issue of actual innocence on appeal, therefore, he is now foreclosed from raising it collaterally unless he demonstrates the cause for his failure to appeal and the actual

prejudice stemming from this procedural default. *Frady*, 456 U.S. at 167-168. Petitioner has not shown cause and prejudice sufficient to excuse his procedural default.

    Although ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default, *see Murray v. Carrier*, 477 U.S. 478, 488 (1986), demonstrating such ineffectiveness requires a showing of (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced

3

the defense." *Strickland*, 466 U.S. at 687.  The alleged errors in this case do not constitute ineffective assistance of counsel under the standard of *Strickland*.  Therefore, Petitioner has failed to show cause for his procedural default.

The defendant seeking to prove "actual prejudice" under the *Frady* test must "shoulder the burden of showing, not merely the errors at his trial created a possibility of prejudice, but that they worked to his actual disadvantage." *Frady*, 456 U.S. at 170. The "cause and prejudice standard" requires Petitioner to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue as required by each relevant procedural rule, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also the error he alleges "worked to his actual and substantial disadvantage . . ." *Frady*, at 170.

Besides not raising the issues on direct appeal, Petitioner is not entitled to habeas relief because the alleged errors do not constitute a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348 (1994).

## II.  Petitioner entered a valid guilty plea

In his Section 2255 Motion, Petitioner claims that his plea was involuntary because of ineffective assistance of counsel; that he misunderstood the consequences of his plea; and that he did not have full knowledge of the elements of the charges.  However, at all stages of the Rule 11 hearing this Court questioned Petitioner to determine whether he understood the consequences of the proceeding, and each time Petitioner acknowledged his understanding.  Moreover, the Court went over the maximum penalties for Petitioner's charges in detail and Petitioner agreed that he understood the possible sentence he was facing for each charge.  He also stated that he understood that if the sentence was more severe than he expected, that he could not withdraw his plea.  Therefore, any potential misinformation concerning his plea or sentence provided to Petitioner, including that provided by his attorney,

was cured by the court's Rule 11 colloquy. *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant." citing *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc)).

A defendant who states at a plea hearing that no one made any promises to cause him to plead guilty is bound by his statements in the absence of clear and convincing evidence to the contrary. *Little v. Allsbrook*, 731 F.2d 238, 239 (4th Cir. 1984). Petitioner stated that no one had made him any promises at his plea hearing. The Fourth Circuit attaches "considerable importance" to the procedural dialogue, and does not view the oath taken by the defendant as an empty gesture. *Id*. at n. 3. Petitioner has provided no justification for the Court to depart from the position the Fourth Circuit has taken with regard to guilty pleas.

The plea agreement into which Petitioner entered was a voluntary and intelligent choice among the options available to him. The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." Id. (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Petitioner has provided no new evidence to indicate that he would be in a better position had he not pled guilty. Petitioner was sentenced to the low end of the guidelines for Counts one and three, and to the mandatory statutory

5

minimum for Count two.  At his sentencing hearing, this Court stated: " . . . I'm going to give you the least I can possibly give you under the charges."  Further, Petitioner has not claimed actual innocence.  All indications are that the advice of the defense counsel to Petitioner recommending that he accept the plea offer was within the "objective standard of reasonableness" propounded by *Strickland* as the first prong of an inquiry into the effective assistance of counsel.

Petitioner also fails to show prejudice. He is simply attempting to have his case tried on collateral review, subsequent to having the safety net of the plea agreement.  Allowing a defendant to do so negates the purpose of a plea agreement and goes against the judicial concept of finality. The Supreme Court has clearly indicated its position regarding collateral attacks on guilty pleas:

> . . . guilty pleas and the often concomitant plea bargain are important components of this country's criminal justice system. Properly, administered, they can benefit all concerned. The defendant avoids extended pretrial incarceration and the anxieties and uncertainties of a trial; he gains a speedy disposition of his case, the chance to acknowledge his guilt, and a prompt start in realizing whatever potential there may be for rehabilitation.  Judges and prosecutors conserve vital and scarce resources.  These advantages can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality. To allow indiscriminate hearings in federal postconviction proceedings . . . would eliminate the virtues of the plea system speed, economy, and finality.

*Blackledge v. Allison*, 431 U.S. 63, 71 (1977).

An "appropriately conducted Rule 11 proceeding . . . must be recognized to raise a strong presumption that the plea is final and binding." *Lambey*, 974 F.2d at 1394.  As the Fourth Circuit has noted, "it is essential to an orderly working of the criminal justice system that guilty pleas tendered and accepted in conformity with Rule 11 . . . be presumed final." *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995).  Therefore, Petitioner's guilty plea shall stand.

III.   Petitioner's claim that his attorney was ineffective is legally deficient

In order to prevail on a claim of ineffective assistance of counsel it must be shown that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficiencies prejudiced the defense. *Strickland v. Washington*, 466 US 668, 687-692 (1984). The defendant "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." The reviewing court should be highly deferential in scrutinizing counsel's performance, and should screen from its analysis the distorting effects of hindsight. *Id.*, at 688-89.

As to the prejudice prong, Petitioner has the burden to prove that the alleged deficiencies were in fact prejudicial to the outcome of the proceeding. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Strickland*, at 693.

There is no evidence in the record that indicates that Petitioner's attorney provided ineffective assistance. Moreover, Petitoner never shows, as he must, how his attorney's alleged failures impacted the outcome of his case. Therefore, what the Court is left with are simply statements that Petitioner's attorney should have done more on his behalf. These conclusory allegations do not act to carry Petitioner's burden to show that his attorney was deficient, and that the result of the proceeding would have been different had counsel done more.

Furthermore, Petitioner's allegation of ineffective assistance of counsel directly contradicts his prior statements to the Court in the Rule 11 colloquy

7

whereby Petitioner stated (1) that he was satisfied with his attorney's representation; (2) that he received the indictment containing the charges to which he would plead guilty; (3) that he understood the charges against him, the elements the government would be required to prove, and the maximum possible punishment for each; (4) that he was not threatened or forced to plead guilty; (5) that the United States Attorney accurately stated the terms of the plea agreement; (6) that no other promise of sentence was made to him; and (7) that he agreed with the evidence the government would offer by way of proof if a trial were held.  Statements previously made under oath that affirm satisfaction with counsel are binding on the defendant absent strong evidence to the contrary. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992)( citing *Blackledge*, 431 U.S. at 74).

A.  Alleged failure to object to drug type and quantity in indictment

An indictment that charges the defendant with distributing a "quantity of marijuana," charges an offense that is subject to a sentence of imprisonment under Section 841(b)(1)(D).  Count three of Petitioner's indictment charged him with "possession with intent to distribute a quantity of marijuana."  The record reflects that Barrineau received the Indictment.  There was no lack of drug type. This count was read to Petitioner at his plea hearing, he stated that he had no questions as to the charges, and there were no objections.

In analyzing an indictment's sufficiency, the issue is whether the indictment as a whole is so vague that it violates the defendant's rights.  The purpose of the indictment is: (1) to inform the defendant of the charge against him, so that he can prepare a defense; and (2) to enable the defendant to plead double jeopardy, if applicable.  *Russell v. United States*, 369 U.S. 749,763-64 (1962); *United States v. Cobb*, 905 F.2d 784, 790 (4th Cir. 1990); *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998).  An indictment that tracks the language of the statute is usually sufficient to inform the defendant of

the charged criminal conduct. *United States v. American Waste Fibers Co., Inc.*, 809 F.2d 1044, 1046-47 (4th Cir. 1987). Because the indictment in Petitioner's case tracked the language of the statute, it manifestly charged criminal conduct. Title 21 U.S.C. § 841 includes the unlawful acts and the penalties for them. The sufficiency of the indictment is determined by practical, not technical, considerations. *Cobb*, 905 F.2d at 790. "When a post-verdict challenge to the sufficiency of an indictment is made, 'every intendment is then indulged in support of . . . sufficiency.'" *United States v. Vogt*, 910 F.2d 1184, 1201 (4th Cir.1990) (quoting *Finn v. United States*, 256 F.2d 304, 307 (4th Cir. 1958)). A challenge based on the absence of an element of an offense will be rejected if the indictment contains words of similar import. *Finn*, at 306. The Court finds the indictment in this case was sufficient and Petitioner's attorney had no reason to object to it. Moreover, because Petitioner failed to object to the recommended finding in the Pre-sentence Report ("PSR"), the government carried its burden of proving by a preponderance of the evidence the quantity of drugs attributable to him. See *United States v.Terry*, 916 F.2d 157, 162 (4th Cir. 1990). Petitioner was properly charged with the offense of possession with intent to distribute an unspecified quantity of marijuana and his 90-month sentence is less than the statutory maximum he could of received. The Indictment in this case was sufficient. Therefore, his attorney's failure to object to it does not show that Petitioner's attorney acted unreasonably. Accordingly, this claim has no merit.

B.  Alleged failure to object to conversion of currency to drug weight

Petitioner claims that the entire $2,505.00 found in his pants pocket should not have been converted to drug weight because there was insufficient evidence to support a finding that the money was related to the drug offense. He states that he had the money because he just sold a motorcycle and he had recently been paid. However, this Court found by a preponderance of the evidence that the money belonged to Petitioner and was drug-related, and

9

the finding is supported by the evidence, which he agreed with, produced at his plea hearing that he owned the drugs found in the vehicle he was driving.  By adopting the PSR as the Court's findings of fact, the Court found that the $2,505.00 was properly converted to two and half pounds of marijuana in addition to the 143 grams of marijuana found in his car to which Petitioner pleaded guilty.  Petitioner's knowing and voluntary guilty plea constitutes an admission of the material elements of the crime, *see McCarthy v. United States*, 394 U.S. 459, 466 (1969), and waives nonjurisdictional errors.  *See Tolett v. Henderson*, 411 U.S. 258, 267 (1973).

The record clearly shows that Petitioner possessed with intent to distribute marijuana and a large amount of cash on the day of his arrest.  He agreed that he was guilty of Count three of the Indictment.  He never disputed this fact at his Rule 11 hearing or at sentencing.

According to the Supreme Court:

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable *Strickland*, 690-91(1984).

Petitioner pled guilty, and his sentence was properly calculated.  Thus his attorney had no duty to raise this issue.  Defense counsel in this case performed a reasonable job of representing his client's best interests.  Petitioner has shown no prejudice resulting from his attorney's representation and his claim of ineffective assistance of counsel fails.

C.  Alleged failure to object or move to dismiss Count one of the Indictment because of insufficiency of the evidence and lack of nexus between the possession of a firearm and drug offense

Petitioner claims that his attorney failed to object or move to dismiss Count 1 because the government did not have sufficient evidence to convict him of 18 U.S.C. 924 (c). (Petitioner is apparently referring to the 924(c) charge in Count 2 of the Indictment). On the day of Petitioner's arrest he possessed a gun and marijuana. He agreed to these facts during his plea hearing. His plea was valid and his attorney had no reason to object or move to dismiss Count 2. There is no evidence in the record that indicates that his attorney provided ineffective assistance as to this claim. Therefore, Petitioner has not met his burden to show that his attorney was deficient, and that the result of the proceeding would have been different had counsel done more. As such, he has shown no error of constitutional magnitude and, his claims of ineffective assistance of counsel fail.

IV. Petitioner's claim of *Apprendi* error

Petitioner also claims his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, at 2362. According to the record, Petitioner was sentenced to 90 months confinement and 5 years of supervised release. The statutory maximum for Count 1 was 120 months; the maximum for Count 2 was 60 months, consecutive; and the maximum sentence for Count 3 was 60 months, concurrent, for a total of 180 months. There is no error under *Apprendi* because Petitioner's sentence is not "more severe than the statutory maximum for the offense established by the jury's verdict." *Apprendi*, 120 S. Ct. at 2361.

CONCLUSION

Petitioner's claims of ineffective assistance of counsel as set forth above do not meet the standard enunciated in *Strickland* and therefore these claims fail.

11

IT IS THEREFORE ORDERED that the Respondent's motion for summary judgment be GRANTED, and that the § 2255 petition be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October   19  , 2005.

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.